THOMAS LIBERT
697 West Pearl Street,
Seymour, Wisconsin 54165

    Plaintiff,

v.

ZENTURE SOLUTIONS, LLC d/b/a
FOX VALLEY LAWN MOWING
126 North Speedway Lane, #D,
Kaukauna, Wisconsin 54130

    Defendant

Case No.: 20-cv-1508

**JURY TRIAL DEMANDED**

# COMPLAINT

COMES NOW Plaintiff, Thomas Libert, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Thomas Libert, is an adult male resident of the State of Wisconsin with a post office address of 697 West Pearl Street, Seymour, Wisconsin 54165.

5. Defendant, Zenture Solutions, LLC d/b/a Fox Valley Lawn Mowing, was, at all material times herein, a commercial entity with a principal address of 126 North Speedway Lane, #D, Kaukauna, Wisconsin 54130.

6. Defendant is a commercial landscaping company.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. On approximately February 2, 2020, Defendant hired Plaintiff.

14. From approximately February 2, 2020 to August 26, 2020, Plaintiff performed compensable work for Defendant, on Defendant's behalf, and/or with Defendant's knowledge in the position of Foreman.

15. During Plaintiff's employment with Defendant in the position of Foreman, Plaintiff reported directly to Phil Golding, Owner/Operator.

16. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Defendant compensated Plaintiff on a salaried basis.

17. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Defendant's established workweek for FLSA and/or WWPCL purposes was Monday through Sunday.

18. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Defendant compensated Plaintiff weekly via check.

19. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff frequently worked in excess of forty (40) hours per workweek.

20. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Defendant did not compensate Plaintiff with overtime pay during those workweeks when he worked in excess of forty (40) hours.

21. On or about August 26, 2020, Plaintiff's employment with Defendant ended.

22. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff performed non-exempt job duties under the FLSA and WWPCL in his position of Foreman.

23. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Defendant's compensation classification of Plaintiff was "exempt" for purposes of the FLSA and WWPCL. However, in practice during this time period, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

24. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff's primary job duty was performing physical or manual labor.

25. On a daily basis during Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff spent the vast majority of his work days performing the following duties and/or tasks, amongst others: physically or manually loading and unloading materials needed to complete landscaping duties; physically or manually plowing (or performing other snow removal related activities) customer's lots, sidewalks, or driveways; physically or manually mowing the lawns of customers; physically or manually repairing or maintaining equipment needed to perform snow removal or lawn mowing duties; physically driving to and from customer's locations to perform landscaping duties; and physically running errands or making deliveries.

26. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff did not primarily perform his job duties in an office setting.

27. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff's primary job duty was not management of Defendant's enterprise, general business operation, or a department or division of Defendant.

28. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff performed his job duties at the direction of Defendant: he was

given specific instructions as to how to perform his job duties and/or he performed his job duties within the prescribed procedures and/or limits established by Defendant.

29. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

30. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff did not, in the performance of his job duties, customarily or regularly compare or evaluate possible courses of conduct, and Plaintiff did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

31. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff did not, in the performance of his job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

32. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

33. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff's job duties did not require him to perform specialized or technical work and did not require him to have special training, experience, and/or knowledge.

34. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff did not customarily or regularly spend the majority of his hours worked each workweek making sales directly to Defendant's customers.

35. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Defendant did not keep or maintain records of Plaintiff's actual hours worked each workweek.

36. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff was not a highly compensated employee.

37. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff was not a commissioned employee.

38. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek.

39. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

40. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted him to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

41. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

42. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## **FIRST CAUSE OF ACTION – FLSA VIOLATIONS**
### **(OVERTIME PAY – MISCLASSIFICATION)**

43. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

44. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

45. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

46. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 26, 2020, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

47. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

48. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with

reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

49. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

50. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

51. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY – MISCLASSIFICATION)

52. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

53. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

54. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

55. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

56. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

57. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 2, 2020, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

58. During Plaintiff's employment with Defendant from approximately February 2, 2020 to August 2, 2020, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

59. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

60. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

61. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statutes; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 29th day of September, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Matthew J. Tobin*_____**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: mtobin@walcheskeluzi.com